## 52034. FOREHAND v. THE STATE.

CLARK, Judge.

Defendant was indicted for burglary on July 9, 1975. He had been arrested and incarcerated on March 28, 1975. Prior to his arraignment on July 14, defendant filed a motion to dismiss the indictment on the ground that the state had failed to conduct a commitment hearing although requested in March. The trial court then ordered that a commitment hearing be held on the next day, July 15. At the conclusion of the committal hearing, the trial court denied defendant's motion to dismiss. Following his trial and conviction, defendant brought the instant appeal. Error is enumerated upon the overruling of defendant's motion to dismiss and the failure to record or prepare an abstract of the evidence presented at the commitment hearing. *Held:*

1. Inasmuch as defendant was granted a commitment hearing, the failure to conduct such a hearing prior to defendant's motion to dismiss the indictment cannot constitute harmful error. Moreover, a reversal of the judgment would not be warranted even if no commitment hearing had ever been held according to the recent decision of *State v. Middlebrooks,* 236 Ga. 52, 55 (222 SE2d 343). Our Supreme Court concluded "We hold that a preliminary hearing is not a required step in a felony prosecution and that once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing. Finally, in no event will we overturn a conviction on a direct appeal or on collateral attack because a commitment hearing was denied appellant."

It follows that the trial court did not err in overruling defendant's motion to dismiss the indictment on the above ground.

2. In defendant's remaining enumeration, he asserts that the failure to prepare an abstract of the commitment hearing requires a reversal of the judgment. Contrary to defendant's contention, it has been held that "[t]here is no provision of our law for furnishing to the accused the abstract of evidence made at the committal hearing."

*Brown v. State,* 223 Ga. 76 (9) (153 SE2d 709). This enumeration is therefore without merit.

*Judgment affirmed. Bell, C. J., concurs. Stolz, J., concurs in the judgment of affirmance with opinion.*

SUBMITTED APRIL 5, 1976 — DECIDED APRIL 23, 1976.

*Michael A. Sherling,* for appellant.

*H. Lamar Cole, District Attorney, Robert Blevins Royce, Assistant District Attorney,* for appellee.

STOLZ, Judge, concurring in the judgment of affirmance.

In this case the defendant was arrested on or about March 29, 1975, indicted by the grand jury on July 9, 1975, arraigned on July 14, 1975, tried beginning July 21, 1975, and sentenced August 1, 1975. The record reveals that counsel was appointed to represent the defendant on July 11, 1975, some 104 days after his arrest.

"Every officer arresting under a warrant shall exercise reasonable diligence in bringing the person arrested before the person authorized to examine, commit or receive bail and in any event to present the person arrested before a committing officer within 72 hours after arrest. The arresting officer shall notify the accused as to when and where the commitment hearing is to be held. The offender who is not notified of the time and place of the commitment hearing, before the hearing, shall be released." Code Ann. § 27-210 (Ga. L. 1956, p. 796).

"A reasonable time shall be given to the defendant or prosecutor for the preparation of his case, and in no event shall the defendant be forced to trial without the aid of counsel, if there be a reasonable probability of his securing counsel without too great delay. Where the cause is postponed to a future day at the instance of either party, or by the court, it shall not be necessary to commit the defendant to jail pending the hearing; but he shall have the right to give bail for appearance at the hearing before said court of inquiry, it [sic] the offense is bailable under the authority of said court." Code § 27-403.

The trial referred to in Code § 27-403 is that which is

conducted as a part of the commitment procedure. There is nothing in the record before us to indicate that the two above quoted provisions of our statutory law were honored or observed. Thus the defendant, who was subsequently certified as an indigent, must wait in jail for more than 100 days without counsel for the processes of the law to finally place him before the bar of justice. I shall never be able to accept that such procedure meets the minimum requirements of our State and National Constitutions. The defendant's pre-indictment habeas corpus rights, referred to in *Middlebrooks v. State,* 236 Ga. 52, 54, are of little value to the indigent accused without the aid of counsel.

The Constitution of our state requires the Judges of the Court of Appeals to be bound by the decisions of the Supreme Court. For that reason alone, I most reluctantly concur in the judgment of affirmance.