## 52137. McAULIFFE v. OUTZ.

WEBB, Judge.

·Outz was stopped by a security officer as he was leaving a K-Mart store for allegedly shoplifting four tape measures; and taken to an office at the rear of the store. An altercation followed and Outz was handcuffed to the base of a steel table where he remained sitting on the floor for over an hour until a justice of the peace arrived. A preliminary hearing was held by the justice in the K-Mart office, and upon a finding of probable cause Outz was bound over to the Criminal Court of Fulton County on charges of theft by taking and simple battery, and taken to jail.

Upon his release on appearance bonds Outz filed a petition designated "Motion for Meaningful Preliminary Hearing" in Fulton Superior Court. A hearing on the motion was set for the next day but the appellant McAuliffe, the solicitor general of the Criminal Court of Fulton County whose duty it was to prosecute Outz, was not served and received no notice of such hearing.

At the hearing, Jack Mallard, an assistant district attorney for Fulton Superior Court, did appear in response to a copy of the motion which was left in his office that morning and the following colloquy ensued:

"Mr. Mallard: I'm sort of at a loss really what we are doing here, Judge. We have got this petition, it was left at the front desk and I got it this morning and I haven't had time to read the petition really during the course of the hearing. The case is not before this court except this petition that was filed, and the Court has been apprised that this case is pending over in the misdemeanor Court by accusation now. Do I understand the Court is now determining during the hearing whether or not there is probable cause or is the Court determining whether he should have another preliminary hearing? I'm not sure. The Court: I'll be glad to hear from Mr. Fierer [Outz's attorney] on that. He apparently has some theory about the Court's role in this. Mr. Mallard: I would like to hear from that so I will know how to respond, really. The Court: All right. Mr. Fierer: Your Honor, I brought this hearing before the Court under Georgia Code 24-2615, under the Court's supervisory powers to control inferior tribunals . . ."

A lengthy probable cause hearing was held and at its conclusion a four-page order, which was sharply critical of the way the arrest and preliminary hearing were handled in the K-Mart Store, was entered. The two pending accusations in the Criminal Court of Fulton County were dismissed with prejudice; any fees paid to the justice of the peace were ordered to be refunded, or if not paid that they not be paid; and henceforth any preliminary or commitment hearings held in the unincorporated areas of Fulton County were ordered to be "held in an atmosphere conducive to the proper administration of justice and at a time such that the defendant charged may properly and adequately exercise those rights guaranteed by the Constitution of the United States and the Constitution of the State of Georgia; and it is further suggested, as a portion of this Order, that the place of the said hearings be in a facility of law enforcement or a properly established Court and that in no event should the said preliminary hearings be held in a public retail establishment."

We agree with the superior court that the preliminary hearing was "an anathema to the most basic and fundamental precepts of due process." However, the solicitor appeals only that part of the order dismissing with prejudice the two accusations pending in criminal court.

Code § 24-2615 (4) gives to the superior courts the power "To exercise a general supervision over all inferior tribunals, and to review and correct, *in the manner prescribed by law,* the judgments of justices of the peace" and other inferior judicatures. (Emphasis supplied.)

"The supervisory control of the superior court over inferior judicatories exists only for specified purposes . . . This jurisdiction is exercised by statutory writs, such as *certiorari, mandamus,* or prohibition." *In re Lester,* 77 Ga. 143; *Darden v. Ravan,* 232 Ga. 756, 758 (2) (208 SE2d 846); see also Code § 2-3905. We note, however, that the superior court's supervisory jurisdiction was not sought by any of these statutory writs here. Moreover, while Outz could have raised by habeas corpus the question of whether the commitment hearing was irregular or illegal, the mere fact that there were irregularities in the commitment hearing would not deprive the criminal court of jurisdiction to try the case under valid accusations. *Boatright v. State,* 10 Ga. App. 29 (72 SE 599); compare, *Rogers v. State,* 133 Ga. App. 513 (211 SE2d 373); see also *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343); *Forehand v. State,* 138 Ga. App. 468.

While Code § 24-2615 grants superior courts the power to exercise concurrent jurisdiction with inferior tribunals, "the court first acquiring jurisdiction of the prosecution retains it to the exclusion of the others, so long as it does not voluntarily and legally abandon it." *Nobles v. State,* 81 Ga. App. 229, 230 (58 SE2d 496). Thus, we do not believe that the supervisory powers granted to superior courts by Code § 24-2615 (4) were intended to extend to holding a second preliminary hearing to determine whether or not probable cause existed, and to dismiss two pending misdemeanor charges in another court. In so doing the superior court judge "would not be exercising 'supervision,' but would himself be performing an act which by intendment of the law is to be performed

by the officer whose decision or judgment is brought under complaint." *Clark v. Morris Plan Bank,* 194 Ga. 522, 523 (22 SE2d 147). Code § 24-2615 (4) empowers the superior courts only to review the proceedings of inferior courts when the question is presented under the proper statutory writ, and if it finds them to be irregular or invalid, to remand to the tribunal having jurisdiction of the case for reconsideration in accordance with its instructions.

Accordingly, that part of the order of the Superior Court of Fulton County dismissing with prejudice the two misdemeanor charges pending in the Criminal Court of Fulton County was erroneous and must be reversed.

*Judgment reversed with direction that a new order be issued in accordance with the holdings set forth herein. Deen, P. J., and Quillian, J., concur.*

ARGUED MAY 5, 1976 — DECIDED JUNE 15, 1976.

*Hinson McAuliffe, Solicitor, Frank A. Bowers, Assistant Solicitor,* for appellant.

*Fierer & Devine, Robert G. Fierer,* for appellee.