S05A2105. DUBOSE v. HODGES.
(625 SE2d 745)

SEARS, Chief Justice.

In this mandamus action, the issue is whether the trial court erred by failing to order the appellee, a special prosecutor, to re-present a criminal case to a grand jury.[1] The trial court did not err, as mandamus relief is not available to compel a discretionary act,[2] and as the appellee has broad discretion not to re-present the criminal case to a grand jury.[3] Finally, although Dubose contends that the trial court had the authority to review and correct the grand jury's and district attorney's actions under OCGA § 15-6-8 (4),[4] that Code section only authorizes review by a proper writ, such as mandamus or

---

the divorce was accurately stated on the divorce decree.

[1] The first grand jury returned a no-bill and was discharged on November 30, 2004.

[2] See *Dept. of Transp. v. Peach Hill Props.*, 278 Ga. 198, 201 (599 SE2d 167) (2004).

[3] See *State v. Wooten*, 273 Ga. 529, 531-532 (543 SE2d 721) (2001); *State v. Hanson*, 249 Ga. 739, 742-744 (295 SE2d 297) (1982) (discussing broad discretion of prosecutors in deciding when to bring charges).

[4] OCGA § 15-6-8 (4) provides, in relevant part, that superior courts have the authority "[t]o exercise a general supervision over all inferior tribunals and to review and correct, in the manner prescribed by law, the judgments of: (A) Magistrates; (B) Municipal courts or councils; (C) Any inferior judicature; (D) Any person exercising judicial powers. . . ."

certiorari,[5] and, as we have already held, Dubose is not entitled to relief pursuant to his writ of mandamus.

For the foregoing reasons, we affirm the judgment of the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 17, 2006.

*Joseph Wiley, Jr.,* for appellant.

*Thurbert E. Baker, Attorney General, Christopher S. Brasher, Kay Baker, Assistant Attorneys General,* for appellee.

---

[5] *McAuliffe v. Outz,* 139 Ga. App. 62 (227 SE2d 807) (1976).