S06A0549. MAYO et al. v. HEAD.
(631 SE2d 108)

SEARS, Chief Justice.

William Mayo and Gerald Rose appeal from the trial court's denial of their petition for mandamus, by which they sought to compel the Cobb County District Attorney, Patrick Head, to prosecute an instance of perjury that they claim was committed during Mayo's 1992 criminal trial for armed robbery. Appellants claim that Mayo's conviction was based on perjured testimony, and that if the perjury were prosecuted, he would be entitled to a new trial.

Prosecuting officials, however, are vested with broad discretion in determining whether to prosecute a particular case.[1] Mandamus will not lie to compel an official to perform a discretionary act unless such discretion has been grossly abused.[2] Appellants have shown no gross abuse of discretion, and the trial court was correct to deny the petition for mandamus in this case.

Furthermore, it is well-settled in this State that

[a] citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another and, hence, lacks standing to contest the prosecuting authority's policies when the citizen is neither prosecuted nor threatened with prosecution.[3]

---

[1] See *Dubose v. Hodges*, 280 Ga. 152, 152 (625 SE2d 745) (2006) (mandamus will not lie to compel special prosecutor to re-present a criminal case to a grand jury); *State v. Wooten*, 273 Ga. 529, 531 (543 SE2d 721) (2001) ("[i]n the district attorney's role as administrator of justice, he or she has broad discretion in making decisions prior to trial about who to prosecute"); *State v. Hanson*, 249 Ga. 739, 742-743 (295 SE2d 297) (1982) ("[f]rom the beginning of our criminal justice system prosecutors have exercised the power of prosecutorial discretion in deciding which defendants to prosecute"); *Bartlett v. Caldwell*, 265 Ga. 52, 52 (452 SE2d 744) (1995) (decision whether to issue arrest warrant lies in sound discretion of magistrate, and mandamus will not issue to compel performance of discretionary act absent gross abuse of discretion).

[2] *Stubbs v. Carpenter*, 271 Ga. 327 (519 SE2d 451) (1999).

[3] *Bartlett*, 265 Ga. at 52 (quoting *Scanlon v. State Bar of Ga.*, 264 Ga. 251, 253 (443 SE2d 830) (1994)).

Finally, mandamus is an extraordinary remedy that is only available if no other adequate legal remedy exists.[4] Appellants' claims of alleged perjury, and the effect it may have had upon Mayo's criminal trial, are claims that should be raised either in the context of a habeas corpus proceeding or, in the case of newly discovered evidence, through an extraordinary motion for a new trial.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 18, 2006 —
RECONSIDERATION DENIED JULY 14, 2006.

*Belli, Weil, Grozbean & Davis, Douglas J. Davis, Wayne S. Tartline,* for appellants.

*Thurbert E. Baker, Attorney General, Kay Baker, Assistant Attorney General,* for appellee.

---

[4] OCGA § 9-6-20.

[5] *Bush v. Chappell,* 225 Ga. 659, 661 (171 SE2d 128) (1969).