[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 24, 2006
THOMAS K. KAHN
CLERK

No. 06-11410
Non-Argument Calendar

_____

D. C. Docket No. 06-00050-CV-CAR-5

WILLIAM R. JACKSON,

Petitioner-Appellant,

versus

VICTOR WALKER,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(November 24, 2006)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Georgia state prisoner William R. Jackson, proceeding pro se, appeals the

denial of his petition for federal habeas relief, filed pursuant to 28 U.S.C. § 2241, in which he sought review of the decision by the state parole board to revoke his parole for a violation of its conditions. The district court dismissed Jackson's application for a writ of habeas corpus without prejudice, noting that Jackson failed to exhaust his state court remedies as his state habeas petition remains pending. The court noted that Jackson had filed a state habeas petition in 2004, on which he was given an evidentiary hearing, but was still awaiting disposition. We granted a certificate of appealability to determine "[w]hether the district court improperly dismissed appellant's 28 U.S.C. § 2241 habeas corpus petition for failure to exhaust state remedies, where the state court has allowed over two years to elapse without issuing a ruling on appellant's state habeas petition?"

On appeal, Jackson argues that the district court erroneously dismissed his habeas petition, for failure to exhaust all state remedies, because he filed a state habeas petition in the proper venue and has waited over two years for a response. Jackson claims that the state court's "inexcusable delay" has prejudiced him by not allowing him to advance his petition.

When reviewing the denial of a habeas petition by the district court, we review questions of law and mixed questions of law and fact de novo. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000). Habeas law requires that an

applicant exhaust any available state procedure before filing a petition in federal court. 28 U.S.C. § 2254(c). A state prisoner seeking post conviction relief under § 2241 is subject to the additional restrictions of §2254, such as the exhaustion of state remedies. Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Therefore, whether a petitioner filing under § 2241 has exhausted all available state remedies is subject to de novo review. Fox v. Kelso, 911 F.2d 563, 568 (11th Cir. 1990).

Before a state prisoner may file a federal habeas petition, he must exhaust his state remedies by petitioning the highest court in the state in which he is being held "when such review is part of the ordinary appellate review procedure" in that jurisdiction. Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004). Because ordinary appellate procedure in Georgia authorizes habeas review in the Georgia Supreme Court, a petitioner must avail himself of that procedure before we will deem all state remedies to be exhausted. Id. at 854 (citing O.C.G.A. § 9-14-52).

Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, *by any available procedure*, the question presented." 28 U.S.C. § 2254(c) (emphasis added). We have noted that a district court should only "in rare instances . . . deviate from the exhaustion requirement." Hughes v. Stafford, 780 F.2d 1580,

3

1581 (11th Cir. 1986). Even in cases where the claims of defects in the state correctional system presented by a prisoner may "rise to a constitutional level involving the denial of due process," our precedent has expressed a desire that such claims be first presented in a state forum. Reynolds v. Wainright, 460 F.2d 1026, 1027 (5th Cir. 1972).

Upon a review of Georgia civil procedure, it appears that Jackson has an available state procedure in which to raise the question he presents in his habeas petition. Georgia law provides that, "[a]ll official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure to perform . . . the writ of mandamus may issue to compel a due performance, if there is no other specific legal remedy for the legal rights." O.C.G.A. § 9-6-20. A writ of mandamus "is an extraordinary remedy that is only available if no other adequate legal remedy exists," Mayo v. Head, 631 S.E.2d 108, 109 (Ga. 2006), however, the Georgia Supreme Court has considered mandamus proper to compel a superior court judge to schedule a hearing to consider a prisoner's state habeas motion. Rickett v. State, 581 S.E.2d 32, 33-34 (Ga. 2003).

Superior court judges have the duty to enter a ruling, and notify the parties of that ruling, within 90 days, at the latest, from hearing a motion of any nature.[1]

---

[1]Judges in counties containing populations of 100,000 or more inhabitants have 90 days to rule on motions. O.C.G.A. § 15-6-21(b). In counties in which the population is less than 100,000,

<u>See</u> O.C.G.A. § 15-6-21. Where a judge has not issued a ruling within the period authorized by statute, "[t]he only remedies for violation of the statute are mandamus and impeachment of the judge." <u>Brooks v. State</u>, 458 S.E.2d 349, 352 (Ga. 1995).

Here, Jackson filed his state petition for habeas relief and appeared at an evidentiary hearing in 2004. The statutory period in which the judge must rule on his motion has clearly come and passed, which, under Georgia law, would allow Jackson the opportunity to seek a writ of mandamus. Thus, Jackson has not exhausted all state remedies because Georgia law allows him to seek a writ of mandamus, compelling the superior court to rule on his state habeas petition. Accordingly, we affirm.

**AFFIRMED.**

---

the judge has 30 days to rule on the motion. O.C.G.A. § 15-6-21(a).