A09A1654. ROMANO v. GEORGIA DEPARTMENT OF
CORRECTIONS et al.
(693 SE2d 521)

MILLER, Chief Judge.

Prison inmate Joseph Romano sought to commence a pro se civil action against the Georgia Department of Corrections (the "Department") as well as the warden of Johnson State Prison, Anthony Washington, and two corrections officers, identified in the complaint as Lieutenant Blair and Officer Hurst (collectively, the "Individual Defendants"), to recover damages for the alleged wrongful confiscation of his personal property in violation of the Department's Standard Operating Procedures. Romano filed a request to proceed in forma pauperis, which the trial court denied in a summary order stating: "The Plaintiff's request to proceed in forma pauperis is denied. The Clerk of Court is hereby instructed not to file Plaintiff's civil action until the filing fee is paid." We granted Romano's application for discretionary appeal from the trial court's order, and Romano now appeals, arguing that the trial court's order was erroneous and improperly denied him court access. Finding that Romano's complaint states a claim for conversion and that he should have been permitted to proceed on that claim, we affirm in part and reverse in part.

OCGA § 9-15-2 sets forth the conditions in which a plaintiff in a civil action may proceed in forma pauperis. The only portion of that statute which permits the trial court to deny filing of a pleading, as occurred here, is subsection (d), which states:

> When a civil action is presented for filing under this Code section by a party who is not represented by an attorney, the clerk of court shall not file the matter but shall present the complaint or other initial pleading to a judge of the court. The judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading.

OCGA § 9-15-2 (d).[1] In reviewing a plaintiff's pleading under this subsection, "the trial court must determine whether the facts alleged in the complaint state a claim for relief under which the plaintiff may recover." (Footnote omitted.) *Gamble v. Ware County Bd. of Ed.*, 253 Ga. App. 819 (561 SE2d 837) (2002). On appeal from an order denying filing, "we construe the complaint in the light most favorable to the losing party, and pro se complaints are not held to the stringent standards of formal pleadings." (Punctuation and footnotes omitted.) *Collier v. The Kroger Co.*, 299 Ga. App. 660 (1) (683 SE2d 625) (2009); *Moore v. First Family Financial Svcs.*, 246 Ga. App. 89 (539 SE2d 598) (2000).

Romano alleges in his complaint that on August 31, 2007, Blair and Hurst required him to exit his cell at Johnson State Prison because they had received a tip that Romano's cellmate was involved in "contraband activity" and wanted to conduct a search. Blair and Hurst subsequently discovered contraband in the cell and questioned Romano about it. Romano denied ownership of the items, and Romano's cellmate allegedly admitted that the contraband belonged to him. Romano alleges that Blair and Hurst were "irate" with him for refusing to "tell on" his cellmate and therefore opened Romano's locker and removed all of his personal property, including store goods. According to Romano, Blair and Hurst violated the Department's Standard Operating Procedures which provide that when inmate property is taken, prison staff must make an inventory and provide a receipt to the inmate; the inmate has thirty days to seek return of the property through proper procedures; and if the prison disposes of the property, "two officers must 'witness' the inmate's signature for prison disposal."[2] Washington allegedly failed to rectify the situation when Romano filed a grievance regarding confiscation of his property.[3] Romano maintains that, as a result of the Individual Defendants' failure to follow and/or enforce Standard Operating Procedures, he lost property he was entitled to possess under prison rules. Accordingly, Romano alleges that the defendants are liable (1) under the Georgia Tort Claims Act ("GTCA") (OCGA §§ 50-21-20 to 50-21-37) for various state law torts, including "theft by conversion," and (2) under 42 USC § 1983 ("Section 1983"), for "violating his property interest rights" under the Fourteenth Amendment to the United States Constitution. Romano states that he is suing the

[1] Although OCGA § 9-15-2 (d) states that "[a]n order denying filing shall be appealable in the same manner as an order dismissing an action," because Romano is incarcerated, he is subject to the terms of the Prison Litigation Reform Act of 1996 and, accordingly, was required to file an application for discretionary appeal. See OCGA § 42-12-8.

[2] The relevant Standard Operating Procedures are not included in the record.

[3] Romano claims that he filed four unsuccessful grievances seeking return of his property.

Individual Defendants in their official and individual capacities.

1. Liberally construing Romano's complaint in the light most favorable to him (see *Collier*, supra, 299 Ga. App. at 660 (1)), we conclude that it states a claim against the Department under the GTCA sounding in conversion. We further find, however, that the GTCA precludes Romano from asserting this claim against the Individual Defendants.

(a) "Pursuant to our state constitution, sovereign immunity insulates the state and its departments and agencies from liability except to the extent that the legislature enacts a specific waiver." *Southerland v. Ga. Dept. of Corrections*, 293 Ga. App. 56, 57 (1) (666 SE2d 383) (2008); Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). Pursuant to the GTCA, the General Assembly enacted a limited waiver of the State's immunity for tort claims:

> The state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances; provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitations set forth in this article.

OCGA § 50-21-23 (a).

OCGA § 51-10-1 states: "The owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies." "This statute embodies the common law action of trover and conversion." (Citations omitted.) *Grant v. Newsome*, 201 Ga. App. 710 (1) (411 SE2d 796) (1991). Conversion occurs, inter alia, through "an act of dominion over the personal property of another inconsistent with his rights," and "[i]t is unnecessary to show that the defendant applied [the property] to his own use, if he exercised dominion over it in defiance of the owner's right, or in a manner inconsistent with it." (Citations and punctuation omitted.) *Maryland Cas. Ins. Co. v. Welchel*, 257 Ga. 259, 261 (1) (356 SE2d 877) (1987). Thus, OCGA § 51-10-1 authorizes recovery of damages when a government official, without lawful authority, deprives an individual of his or her property on even a temporary basis. *Strickland v. Vaughn*, 221 Ga. App. 636, 637 (472 SE2d 159) (1996); *Grant*, supra, 201 Ga. App. at 710 (1). Based on Romano's allegations that prison officials wrongfully confiscated his personal property contrary to the Department's Standard Operating Procedures, we conclude that Romano has stated a claim for conversion against the Department under the GTCA. See id. at 710-712 (1) (pre-GTCA case holding

that prisoner was tortiously deprived of personal property, in violation of OCGA § 51-10-1, when inmate's account was frozen for putative purpose of enforcing a money judgment but proper legal procedures for enforcing such a judgment were not followed). From the face of the complaint, we cannot conclude that an exception to the GTCA's waiver of sovereign immunity applies (see OCGA § 50-21-24), and, as such, the trial court erred in refusing to allow Romano to proceed on his state law conversion claim against the Department.

(b) The GTCA states: "This article constitutes the exclusive remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." OCGA § 50-21-25 (a). This exemption from liability for state officers and employees has been construed broadly. *Davis v. Standifer*, 275 Ga. App. 769, 771 (1) (a) (621 SE2d 852) (2005). "Where the state employee acts in the prosecution and within the scope of his official duties, intentional wrongful conduct comes within and remains within the scope of employment." (Punctuation and footnote omitted.) *Ford v. Caffrey*, 293 Ga. App. 269, 273 (2) (a) (666 SE2d 623) (2008); *Minor v. Barwick*, 264 Ga. App. 327, 337 (2) (590 SE2d 754) (2003) (official immunity under OCGA § 50-21-25 (a) applies even when a state officer acted with malice and intent to injure).

Romano's complaint alleges that the Department employs the Individual Defendants and that, as such, the Department must be named as a party defendant under OCGA § 50-21-25 (b). OCGA § 50-21-25 (b) states: "[a] person bringing an action against the state under the provisions of this article must name as a party defendant *only* the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually." (Emphasis supplied.) Romano's acknowledgment that the Department must be named as a defendant necessarily amounts to a concession that the Department employees are not proper defendants and their alleged tortious conduct occurred while they were acting within the scope of their official duties. Romano's complaint includes no allegation that the Individual Defendants were acting outside the scope of their official duties, and the facts alleged support the contrary conclusion. Romano alleges that his property was confiscated while Blair and Hurst were engaged in a search of his cell prompted by reports of Romano's cellmate's "contraband activity." Such facts establish that, at the time of confiscation, Blair and Hurst were acting within the scope of their official duties. *Davis*, supra, 275 Ga. App. at 772 (1) (a) (allegation that sexual assault occurred during course of traffic stop showed that

tort claim arose from patrol officer's official duties). Romano further alleges that Washington failed to respond properly to his grievances about the loss of his personal property. Handling grievances falls within the scope of a prison warden's official duties. Ga. Comp. R. & Regs. r. 125-2-4-.23. The allegations in Romano's complaint establish that the actions of the Individual Defendants are clothed with official immunity under OCGA § 50-21-25 (b). The fact that Romano purports to sue the Individual Defendants in their individual and official capacities is irrelevant because, as we have held, "[m]erely styling a suit against a public officer as one brought against him personally does not deprive him of any immunity to which he might otherwise be entitled for his official acts under the GTCA." (Punctuation and footnote omitted.) *Hardin v. Phillips*, 249 Ga. App. 541, 545 (1) (547 SE2d 565) (2001). For the foregoing reasons, the trial court did not err in disallowing filing as to Romano's conversion claim against the Individual Defendants. See *Davis*, supra, 275 Ga. App. at 773 (1) (a).

2. "Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." (Citation omitted.) *Hale v. Tallapoosa County*, 50 F3d 1579, 1582 (11th Cir. 1995); 42 USC § 1983. To the extent that Romano attempts to state a claim under Section 1983 against the Department or the Individual Defendants in their official capacities, he fails because neither a state agency nor state officers acting in their official capacities are "persons" susceptible to liability under Section 1983. *Will v. Michigan Dept. of State Police*, 491 U. S. 58, 64, 71 (109 SC 2304, 105 LE2d 45) (1989); *Jenkins v. Dept. of Corrections*, 238 Ga. App. 336, 340-341 (3) (518 SE2d 730) (1999).

To the extent that Romano attempts to state a Section 1983 claim against the Individual Defendants in their individual capacities, his claim fails because he has not adequately alleged a violation of his rights under the Fourteenth Amendment. The Fourteenth Amendment does not protect against all deprivations of life, liberty, or property, but rather only against deprivations that occur without due process of law. *Parratt v. Taylor*, 451 U. S. 527, 537 (III) (101 SC 1908, 68 LE2d 420) (1981), overruled on other grounds, *Daniels v. Williams*, 474 U. S. 327 (106 SC 662, 88 LE2d 662) (1986); *Baker v. McCollan*, 443 U. S. 137, 145 (II) (99 SC 2689, 61 LE2d 433) (1979). Under the United States Supreme Court's decision in *Hudson v. Palmer*, 468 U. S. 517, 532 (II) (B) (104 SC 3194, 82 LE2d 393) (1984), a prison official's alleged intentional and unauthorized confiscation of an inmate's property "does not constitute a violation of . . . the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." As

discussed in Division 1, the GTCA and OCGA § 51-10-1 provide Romano with an adequate postdeprivation remedy for his alleged loss of personal property. *Grant*, 201 Ga. App. at 712-713 (2); *Langbehn v. Henderson*, 2006 U. S. Dist. LEXIS 94206, at **7-8 (N.D. Ga. Dec. 26, 2006); see also *Parratt*, 451 U. S. at 543-544 (IV) (Nebraska's tort claims procedure provided adequate remedy notwithstanding the fact that it provided only for action against state as opposed to its employees).

For the reasons set forth above, the trial court's order directing the clerk not to file Romano's complaint is reversed as to Romano's conversion claim against the Department and affirmed as to Romano's conversion claims against the Individual Defendants and his Section 1983 claim against all defendants. On remand, Romano shall be permitted to file his complaint and proceed on his conversion claim against the Department. Thereafter, the trial court may inquire into or entertain challenges to Romano's affidavit of indigence in accordance with OCGA § 9-15-2 (a) and (b).

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Barnes, J., concur.*

DECIDED MARCH 3, 2010 —
RECONSIDERATION DENIED APRIL 2, 2010.

Joseph Romano, *pro se.*
*Thurbert E. Baker, Attorney General, Loretta L. Pinkston, Senior Assistant Attorney General*, amici curiae.