## A11A0776. NASA v. BROWN et al.

(717 SE2d 310)

DOYLE, Judge.

Prison inmate Susa Nasa sought to commence a pro se civil action under 42 USC § 1983 against two correctional officers (listed as "Cert Officer N. Brown" and "Officer McClendon"). The superior court denied his request to proceed in forma pauperis and directed the clerk not to file the action. Nasa appeals, and we reverse for the reasons that follow.

1. Nasa filed a request to proceed in forma pauperis and an "Inmate Form for Civil Action" under 42 USC § 1983, alleging that the officers used excessive force by cuffing him and slamming his face into a wall. The superior court denied the filing, stating in its order: "Upon review of the following inmate form for civil filing, and the motion to proceed in forma pauperis, the Court determines that the filing is frivolous and the motion to proceed in forma pauperis is DENIED. The clerk is ordered not to file said action."[1]

OCGA § 9-15-2 (d) permits a trial court to deny the filing of a complaint by an indigent pro se litigant if "the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading." "The pleadings of an inmate proceeding pro se are treated with considerable indulgence, and a complaint should not be dismissed without filing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to some relief."[2] "On appeal from an order denying filing, we construe the complaint in the light most favorable to the losing party, and pro se complaints are not held to the stringent standards of formal pleadings."[3]

The superior court concluded, without explanation, that Nasa's complaint was frivolous. Nasa's handwritten petition is lengthy, and deciphering his handwriting is an admittedly arduous task. Nevertheless, it is possible to discern his allegations. Nasa claims that after he had a disagreement with one officer concerning his use of the law library, another officer ordered him to face the wall so that his hands could be cuffed behind his back. According to Nasa, he complied peacefully, but the officer slammed his head into the wall two times, until blood ran down the wall, in full view of other officers and

---

[1] In its order, the trial court listed the respondent as "Steve Upton, Warden, et al." Nasa did not, however, list Upton as a respondent.

[2] *Jackson v. Zant*, 210 Ga. App. 581 (436 SE2d 771) (1993).

[3] (Punctuation omitted.) *Romano v. Ga. Dept. of Corrections*, 303 Ga. App. 347, 348 (693 SE2d 521) (2010).

inmates. Nasa alleges that he lodged a complaint through the prison's grievance system, to no avail. He seeks to sue under 42 USC § 1983, alleging that the correctional officers used excessive force against him in violation of the Eighth Amendment prohibition of cruel and unusual punishment.

"When prison officials maliciously and sadistically use force to cause harm" to inmates, the Eighth Amendment is violated, and the inmate may seek redress through an action under 42 USC § 1983.[4] Although Nasa does not allege that he was gravely injured,

> [t]he United States Supreme Court [has] rejected the contention that a prisoner must have suffered serious physical injury to maintain an action under § 1983 for violation of the Eighth Amendment. Instead, the Supreme Court held that under *Whitley v. Albers*,[5] the extent of the injury suffered is but one factor to be considered in assessing whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.[6]

Nasa has alleged that a correctional officer slammed his face into a wall two times for no reason. He has further alleged that he exhausted his administrative remedies. "Liberally construing [Nasa's] complaint in the light most favorable to him,"[7] Nasa has stated a justiciable excessive force claim under 42 USC § 1983.[8] Thus, the trial court erred by refusing to file his complaint. "On remand, [Nasa] shall be permitted to file his complaint and proceed on his [excessive force] claim against the [officers]. Thereafter, the trial court may inquire into or entertain challenges to [Nasa's] affidavit of indigence in accordance with OCGA § 9-15-2 (a) and (b)."[9]

2. Nasa has filed multiple motions, which are denied as moot. *Judgment reversed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED OCTOBER 4, 2011.

Susa Nasa, *pro se.*

---

[4] *Wilkins v. Gaddy*, ___ U. S. ___ (II) (130 SC 1175, 175 LE2d 995) (2010); see also *Skrtich v. Thornton*, 280 F3d 1295, 1300-1301 (11th Cir. 2002).

[5] 475 U. S. 312 (106 SC 1078, 89 LE2d 251) (1986).

[6] (Punctuation omitted.) *Alford v. Osei-Kwasi*, 203 Ga. App. 716, 717-718 (1) (418 SE2d 79) (1992).

[7] *Romano*, 303 Ga. App. at 349 (1).

[8] Whether Nasa ultimately will prevail is another matter entirely.

[9] Id. at 352 (2).

*Thurbert E. Baker, Attorney General*, for appellees.