**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 12, 2012**

# In the Court of Appeals of Georgia

A12A1406. THOMPSON v. REICHERT et al.

DILLARD, Judge.

Prison inmate Charles Thompson sought to file a *pro se* civil action in the Superior Court of Bibb County against Robert Reichert, the mayor of the City of Macon, and officers with the city's police department to recover damages for an alleged false arrest, false imprisonment, and violation of his civil rights. The trial court found that Thompson's pleading failed to allege a cause of action and denied his request to proceed *in forma pauperis*. Thompson appeals, and for the reasons set forth *infra*, we reverse the trial court's order and remand this case with direction to the superior-court clerk to file the complaint.

The record shows that on October 25, 2011, Thompson, who was incarcerated in the Central State Prison, filed a *pro se* "Inmate Form for Civil Action," alleging

false arrest, false imprisonment, and a violation of his civil rights.[1] It appears that Thomspon specifically alleged that he was arrested without probable cause by a City of Macon police officer, who did so at the behest of Thompson's employer in order to create a reason to terminate his employment, and that he was then wrongfully incarcerated in the Bibb County Detention Center for several days as a result of that arrest.

Less than one week later, the trial court denied the filing and Thompson's request to proceed *in forma pauperis*, pursuant to OCGA § 9-15-2 (d), stating "no cause of action alleged."[2] Thereafter, Thompson filed an application for discretionary appeal, which we granted.[3] This appeal follows.

---

[1] Thompson is currently incarcerated and serving a sentence for an offense unrelated to the arrest that prompted his civil action.

[2] It appears from the record that Thompson did not file his motion to proceed *in forma pauperis* until December 1, 2011, which was one month after the trial court's order denying his civil action. But it is unclear from the record whether Thompson was aware of the trial court's order at the time he filed his motion. Nevertheless, because the trial court based its denial of the filing on OCGA § 9-15-2 (d), this discrepancy in the record has no bearing on our analysis.

[3] Although OCGA § 9-15-2 (d) provides that "[a]n order denying filing shall be appealable in the same manner as an order dismissing an action," because Thompson is incarcerated, he is subject to the terms of the Prison Litigation Reform Act of 1996 and, therefore, was required to file an application for discretionary appeal. *See* OCGA § 42-12-8.

Thompson contends that the trial court erred in denying the filing of his complaint on the ground that he failed to allege a cause of action. We agree.

OCGA § 9-15-2 (d) provides in part that a trial judge may deny the filing of a complaint by an indigent *pro se* litigant "if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading."[4] Importantly, the pleadings of an inmate proceeding *pro se* are to be treated with "considerable indulgence, and a complaint should not be dismissed without filing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to some relief."[5] Put simply, the court can deny filing "only if the pleading is completely devoid of any justiciable issue of law or fact."[6] And on appeal from an order denying filing, we

---

[4] OCGA § 9-15-2 (d).

[5] *Nasa v. Brown*, 311 Ga. App. 809, 809 (1) (717 SE2d 310) (punctuation omitted); *see Romano v. Ga. Dept. of Corrections*, 303 Ga. App. 347, 348 (693 SE2d 521) (2010).

[6] *Gamble v. Ware County Bd. of Ed.*, 253 Ga. App. 819, 819 (561 SE2d 837) (2002) (punctuation omitted).

construe the complaint in the light most favorable to the losing party, and *pro se* complaints "are not held to the stringent standards of formal pleadings."[7]

Here, although deciphering Thompson's handwriting is unquestionably an arduous task and his complaint is somewhat difficult to follow, it is still possible to discern his allegations. And as previously noted, Thompson essentially claims that he was arrested and incarcerated by City of Macon authorities based on false pretenses. As such, we cannot say with assurance that under the allegations of Thompson's *pro se* complaint, which we are required to hold to less stringent standards than formal pleadings drafted by lawyers, that "it appears beyond doubt that [Thompson] can prove no set of facts in support of his claims against the law enforcement officers and their governmental employers which would entitle him to relief."[8]

---

[7] *Nasa*, 311 Ga. App. at 809 (1) (punctuation omitted).

[8] *Evans v. City of Atlanta*, 189 Ga. App. 566, 567 (377 SE2d 31) (1988) (punctuation omitted).

Indeed, forgivingly construing Thompson's complaint in the light most favorable to him,[9] Thompson has stated justiciable claims for false arrest,[10] false imprisonment,[11] and violation of his civil rights under 42 USC § 1983.[12] Thus, while we express no opinion as to the merits of Thompson's allegations, we do conclude that the trial court erred in refusing to file his complaint.[13]

And although the record is silent as to the trial court's reasons for concluding that Thompson failed to state a justiciable cause of action, the most charitable interpretation of the court's order is that it was based on the difficulty of discerning the allegations contained in Thompson's hand-written complaint. Suffice it to say, we

---

[9] *Nasa*, 311 Ga. App. at 810 (1) (punctuation omitted).

[10] *See McKissick v. S.O.A., Inc.*, 299 Ga. App. 772, 777 (2) (684 SE2d 24) (2009) ("An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested." (punctuation omitted)); OCGA § 51-7-1.

[11] *See Davis v. Wallace*, 310 Ga. App. 340, 347 (4) (713 SE2d 446) (2011) ("An action for false imprisonment will lie where a person is unlawfully detained under a void process, or under no process at all . . ." (punctuation omitted)); OCGA § 51-7-20.

[12] *See King v. Pioneer RESA*, 301 Ga. App. 547, 552 (1) (688 SE2d 7) (2009) (In order to state a claim under 42 USC § 1983, "a plaintiff must show a deprivation of a federal right by a person acting under color of state law." (punctuation omitted)).

[13] *See Nasa*, 311 Ga. App. at 810 (1).

sympathize with the dilemma faced by trial courts across Georgia in processing and adjudicating countless *pro se* lawsuits with limited resources and ever-shrinking budgets. Nevertheless, a trial court must exercise great caution before refusing to file a *pro se* complaint, pursuant to OCGA § 9-15-2 (d), and such a refusal cannot be based on the court's inability to read or difficulty in reading the pleading.[14] In such circumstances, the trial court has the inherent power to "require the plaintiff to amend his complaint and provide a more definite statement of his claims";[15] and this, rather than a refusal to file, is the appropriate course of action for a trial court to take when presented with a complaint that is indecipherable.[16]

In its responsive brief, the City argues that the trial court's order should nevertheless be affirmed because Thompson failed to serve the complaint on any of the defendants. But this argument is entirely misplaced. Given that the trial court did

---

[14] *Cf. Bush v. Bank of New York Mellon*, 313 Ga. App. 84, 89 (720 SE2d 370) (2011) (Blackwell, J.) ("Before any court can undertake to decide, however, whether a complaint states a claim upon which relief can be granted, the court must be able to understand the nature of the claims that the complaint asserts").

[15] *Id.*

[16] The inherent power of the trial court to *sua sponte* require a plaintiff to more definitely state his claims applies not only when the complaint is difficult to read but also when the court is unable to "understand the nature of the claims that the complaint asserts." *Bush*, 313 Ga. App. at 89.

6

not permit Thompson to file his complaint, the lawsuit has not begun, and the defendants are not yet parties. In sum, the trial court halted the lawsuit before it started, "and nothing obligated [Thompson] to serve the complaints on the defendants."[17]

Accordingly, for all of the foregoing reasons, we reverse the trial court's order and direct that on remand, Thompson shall be permitted to file his complaint.[18]

*Judgment reversed and case remanded. Ellington, C. J., and Phipps, P. J., concur.*

---

[17] *Gamble*, 253 Ga. App. at 820 (1).

[18] *See id.* at 825 (3).

7