**FIRST DIVISION
BARNES, P. J.,
MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 4, 2018**

# In the Court of Appeals of Georgia

A18A0197. ROBBINS v. ANDERSON et al.

REESE, Judge.

Proceeding pro se, indigent prison inmate Marquise Robbins sought to file a civil action in the Superior Court of Tattnall County against James Anderson and Robert Toole[1] for damages based upon their failure to provide sufficient food to, and for not meeting the basic nutritional needs of, inmates in the Segregation Housing Unit ("SHU") at Georgia State Prison ("GSP"). In an order, the trial court stated that his pleading failed to state a cause of action and denied his request to proceed on the complaint. This appeal followed. For the reasons set forth infra, we reverse the trial

_____

[1] According to the complaint, Toole is the former warden of Georgia State Prison, and Anderson is the Food Service Supervisor.

court's order and remand this case with direction to the superior court clerk to file the complaint.

The record shows that the Appellant, who was incarcerated at GSP from June through December 2014, filed a pro se "Inmate Form for Civil Action," alleging that the inmates housed in the SHU of GSP were "unjustifiably deprived of the basic necessity of adequate food to sustain their health," in violation of OCGA § 42-5-2 (a),[2] and their civil rights under 42 USC § 1983.[3] Specifically the Appellant alleged that, inter alia, from July through October 2014, Warden Toole and Anderson allowed the following conditions to persist unabated in the SHU of GSP, despite actual notice of the problems: inmates were provided with inadequate food portions, spoiled food,

---

[2] OCGA § 42-5-2 (a) states, in pertinent part, "it shall be the responsibility of the governmental unit, subdivision, or agency having the physical custody of an inmate to maintain the inmate, furnishing him food, clothing, and any needed medical and hospital attention[.]"

[3] 42 USC § 1983 states, in pertinent part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" See *Brown v. Dorsey*, 276 Ga. App. 851, 853 (625 SE2d 16) (2005) (To state a claim under 42 USC § 1983, a plaintiff "must show a deprivation of a federal right by a person acting under color of state law.") (punctuation and footnote omitted).

and food that had been improperly "watered down;" meals lacked sufficient nutritional and caloric value to qualify as a "wholesome meal;" food preparers and servers failed to ensure that "hot" meals were at least 140 degrees, and "hot" meals were "continuously" served cold; and food service workers were not given proper training in safe food preparation techniques and how to determine correct portion sizes. According to the complaint, these "hazardous and extreme food conditions" posed a "substantial risk of serious harm to inmates' health and safety."

The Appellant asserted that, as a result of these conditions, he suffered, inter alia, headaches, severe stomach pain, dizziness, constant fatigue, and weakness in his extremities. He also complained that, due to his incarceration in the SHU, he had no opportunity for relief from these hazardous conditions. The complaint asserted that the Appellees' acts and omissions in allowing the unsafe conditions to persist violated the Department of Corrections' standard operating procedures and dietary guidelines, as well as state statutes.[4] The Appellant also asserted a civil rights claim under 42 USC § 1983, alleging that the conditions violated his Eighth Amendment rights under the United States Constitution in that they constituted cruel and unusual punishment.

---

[4] The Department of Corrections' policies and procedures are not part of the appellant record.

According to the complaint, the Appellant filed a grievance with prison officials, but "the issue[s] [were] never rectified.[.]" The trial court denied the filing of the complaint, pursuant to OCGA § 9-15-2 (d),[5] ruling that "the pleading shows on its face such a complete absence of justiciable issue of law or fact that it cannot reasonably be believed that any court could grant the requested relief against any defendant named in the proceedings." This appeal followed.

When reviewing on appeal from an order denying the filing of an indigent inmate's pro se complaint, we view the complaint with "considerable indulgence, and a complaint should not be dismissed without filing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

---

[5] OCGA § 9-15-2 (d) states in relevant part,
[w]hen a civil action is presented for filing under this Code section by a party who is not represented by an attorney, the clerk of court shall not file the matter but shall present the complaint or other initial pleading to a judge of the court. The judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading. . . . An order denying filing shall be appealable in the same manner as an order dismissing an action.

him to some relief."[6] With these guiding principles in mind, we turn now to the Appellant's specific claim of error.

The Appellant argues that the trial court erred in denying the filing of his civil action under OCGA § 9-15-2 (d). We agree.

Prior to allowing an indigent plaintiff to file a complaint, under OCGA § 9-15-2 (d), the trial court must first determine whether the facts alleged in the complaint state a claim for relief for which the plaintiff may recover.[7] "The [trial] court can deny filing only if the pleading is completely devoid of any justiciable issue of law or fact. A complaint is sufficient if it places the defendant on notice of the claim against him[.]"[8]

The record is silent as to the reasons the trial court concluded the Appellant's complaint did not meet the threshold requirements of OCGA § 9-15-2 (d). Construing the allegations of the Appellant's complaint in the light most favorable to him,[9] we

---

[6] *Thompson v. Reichert*, 318 Ga. App. 23, 24 (733 SE2d 342) (2012) (punctuation and footnote omitted).

[7] *Gamble v. Ware County Bd. of Educ.*, 253 Ga. App. 819 (561 SE2d 837) (2002).

[8] Id. at 819 (punctuation and footnotes omitted).

[9] See *Thompson*, 318 Ga. App. at 25.

find that the complaint stated justiciable claims against the Appellees based on their alleged failure to provide him with adequate, nutritional, and safely prepared food, as required by state law and the Department of Corrections policies.[10] The complaint was also adequate to assert a claim for violations of the Appellant's civil rights under 42 USC § 1983.[11] Although we express no opinion as to the merits of the Appellant's claims, we find that the trial court erred in refusing to file his complaint.[12]

The Appellees argue, however, that the complaint must be dismissed because the Appellant failed to provide proper notice of his claims under the Georgia Tort

---

[10] See id. at 24-25 (The indigent pro se defendant's pleading stated justiciable claims for false arrest, false imprisonment and civil rights violations that met the threshold requirements of OCGA § 9-15-2 (d).).

[11] See *Whitley v. Albers*, 475 U. S. 312, 319 (II) (106 SCt 1078, 89 LE2d 251) (1986) (In order to state a claim for cruel and unusual punishment under the Eighth Amendment, it is not necessary to assert that the defendant acted with an "express intent to inflict unnecessary pain," and "harsh conditions of confinement may constitute cruel and unusual punishment unless such conditions are part of the penalty that criminal offenders pay for their offenses against society." Further, "[t]o be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.") (citations and punctuation omitted).

[12] See *Thompson*, 318 Ga. App. at 25.

6

Claims Act, i. e., he did not attach the required ante litem notice and delivery receipts to his complaint. This argument is premature.

Pursuant to OCGA § 50-21-26 (a) (2), "no person who has a tort claim against the state may bring an action against the state on that claim without first giving notice[.]"[13] Yet, the lack of proper notice does not prevent filing of the complaint under OCGA § 9-15-2 (d) because the complaint may be amended after filing to include the ante litem notice certification.[14]

The Appellees also contend that the trial court properly refused to file the Appellant's federal civil rights claim because the Appellant had previously filed a federal lawsuit asserting the same claim and as a result, the instant claim was barred by res judicata. Although the Appellant appears to concede that he filed a federal lawsuit "dealing with the same facts," the Appellees are not yet parties to the suit, so

---

[13] *DeFloria v. Walker*, 317 Ga. App. 578, 580 (732 SE2d 121) (2012).

[14] See OCGA § 50-21-26 (a) (4) which states,
Any complaint filed pursuant to this article must have a copy of the notice of claim presented to the Department of Administrative Services together with the certified mail or statutory overnight delivery receipt or receipt for other delivery attached as exhibits. If failure to attach such exhibits to the complaint is not cured within 30 days after the state raises such issue by motion, then the complaint shall be dismissed without prejudice[.]

their assertion of the affirmative defense of res judicata does not authorize the court's refusal to file the instant suit.[15]

Accordingly, we reverse the trial court's order. On remand, the clerk of the Superior Court of Tattnall County is directed to file the Appellant's complaint.

*Judgment reversed, and case remanded with direction. Barnes, P. J., and McMillian, J., concur.*

---

[15] *Thompson*, 318 Ga. App. at 26.