**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS*
*COURT. ALL FILINGS MUST BE SUBMITTED WITHIN*
*THE TIMES SET BY OUR COURT RULES.*

**September 4, 2020**

# In the Court of Appeals of Georgia

A20A1019. DAY v. BERNARD et al.

REESE, Presiding Judge.

Proceeding pro se, indigent prison inmate Roger Day sought to file a civil action in the Superior Court of Fulton County against Terry Bernard and the Georgia State Board of Pardons and Paroles ("the Board")[1] based on, among other things, their alleged gross abuse of discretion in repeatedly denying him parole. In an order denying the filing of Day's pleading, the trial court stated that the Board had complied with parole guidelines and that Day had failed to notarize his application to proceed in forma pauperis. For the reasons set forth infra, we reverse the trial court's order and remand this case with direction to the superior court clerk to file the complaint.

---

[1] According to the complaint, Bernard is the Chairman of the Board.

Viewed de novo,[2] the record shows that Day, who is incarcerated at the Coffee Correctional Facility, filed a pro se "Inmate Form for Civil Action," alleging that the Board had failed to apply the proper guidelines for inmates serving a sentence of life in prison, committed a gross abuse of discretion, and failed to perform its ministerial duties, in violation of OCGA § 42-9-40 (a)[3] and OCGA § 42-9-42 (c).[4] The trial court denied the filing of the petition, citing to *Ray v. Carthen*,[5] ruling that "[w]hile [Day] alleges that the reasoning used by the Board to deny parole was a gross abuse of discretion, [Day] has presented no evidence that the Board's actions rose to the level of 'arbitrary, capricious, and unreasonable.'" We granted discretionary review.

---

[2] See *Romano v. Ga. Dept. of Corrections*, 303 Ga. App. 347, 348 (693 SE2d 521) (2010).

[3] See OCGA § 42-9-40 (a) which states in pertinent part, "[t]he board shall adopt, implement, and maintain a parole guidelines system for determining parole action. The guidelines system shall be used in determining parole actions on all inmates, except those serving life sentences, who will become statutorily eligible for parole consideration."

[4] See OCGA § 42-9-42 (c) which states in relevant part that "[g]ood conduct, achievement of a fifth-grade level or higher on standardized reading tests, and efficient performance of duties by an inmate shall be considered by the [B]oard in his or her favor and shall merit consideration of an application for pardon or parole."

[5] 275 Ga. 459, 460 (1) (569 SE2d 542) (2002).

When reviewing on appeal an order denying the filing of an indigent inmate's pro se complaint, we view the complaint with "considerable indulgence, and a complaint should not be dismissed without filing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to some relief."[6] With these guiding principles in mind, we turn now to Day's specific claims of error.

1. Day argues that the trial court erred in denying the filing of his complaint when he demonstrated that the Board's actions amounted to a gross abuse of discretion. For the reasons below, we reverse the trial court's ruling and remand with direction.

In 1990, Day was convicted of burglary, rape, and aggravated assault, and he was sentenced to two consecutive life sentences, plus 100 years. We affirmed his convictions on appeal.[7]

---

[6] *Thompson v. Reichert*, 318 Ga. App. 23, 24 (733 SE2d 342) (2012) (punctuation and footnote omitted).

[7] See *Day v. State*, Case No. A19A1769 (dismissed Apr. 19, 2019). Day has filed multiple unsuccessful appeals from the trial court's denials of various post-conviction challenges to his convictions and sentences. See *Day v. State*, Case No. A02A0596 (dismissed Jul. 9, 2002); *Day v. State*, 242 Ga. App. 899 (531 SE2d 781) (2000); *Day v. State*, 216 Ga. App. 29 (453 SE2d 73) (1994); *Day v. State*, 203 Ga. App. 186 (416 SE2d 548) (1992).

OCGA § 9-15-2 (d) permits a trial court to deny the filing of a complaint by an indigent pro se litigant if "the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading[.]"[8] "Mandamus is an extraordinary remedy to compel a public officer to perform a required duty. Trial courts will grant mandamus only when there is a clear legal right to the relief sought or there is a gross abuse of discretion."[9] The decision of whether to grant parole lies within the discretion of the Board.[10] Thus, Day cannot prevail on his mandamus claim unless he shows that the Board grossly abused that discretion.[11]

In his petition, Day alleged that the Board had considered and rejected him for parole multiple times over past nine years. In 2012, the Board denied parole on the ground that Day's release "would not be compatible with the welfare of society . . . due to the severe nature of the offenses for which [he] was convicted." In 2015, the

---

[8] *Daker v. Humphrey*, 294 Ga. 504, 505-506 (755 SE2d 201) (2014).

[9] *Grant v. Byrd*, 265 Ga. 684 (2) (461 SE2d 871) (1995).

[10] See *Daker v. Ray*, 275 Ga. 205, 206 (2) (563 SE2d 429) (2002).

[11] See *Mayo v. Head*, 280 Ga. 793 (631 SE2d 108) (2006) ("Mandamus will not lie to compel an official to perform a discretionary act unless such discretion has been grossly abused.") (footnote omitted).

Board denied parole for the same reason. In 2016, the Board again denied parole for this reason, except this time it set two preconditions for parole — that Day participate in a "[m]oral [r]econation [t]herapy program" and that he successfully complete a work release program. Day alleged that he completed the moral reconation therapy program in 2017. He claimed that he had not completed the work release precondition because "only the Board/defendants [could] authorize placing [him] in a work release program," but the Board had not done so even though the Department of Corrections had consistently recommended him for that program since 2013. In 2019, the Board once again denied parole, citing an "insufficient amount of time served to date given the nature and circumstances of [his] offense."

Day claimed that the Board's decision to deny him parole was a gross abuse of discretion because, among other reasons, the Board itself was preventing him from complying with the precondition it had set for his parole (work release). Day further alleged that the Board had grossly abused its discretion by claiming that he had served an insufficient amount of time (30 years), even though multiple other prisoners, whom Day named in his petition, had been paroled after serving less time for more egregious offenses.

The trial court rejected Day's claim of a gross abuse of discretion on the ground that Day had presented "no evidence" of such an abuse. However, at this stage of the litigation, the trial court's task is to "determine whether the facts alleged in the complaint state a claim for relief under which the plaintiff may recover."[12] Further, Day's proposed complaint must be construed in the light most favorable to him and is not "held to the stringent standards of formal pleadings."[13] Based on the foregoing, the trial court held Day to an improperly high standard by requiring him to come forward with evidence at this juncture. Because his allegations, generously construed,[14] state a claim for gross abuse of discretion on the part of the Board, we reverse the trial court's order. On remand, Day shall be permitted to file his petition.[15]

2. In light of our ruling, we need not address Day's remaining enumerated errors.

*Judgment reversed and case remanded with direction. Markle and Colvin, JJ., concur.*

---

[12] *Romano*, 303 Ga. App. at 348 (citation and punctuation omitted).

[13] Id. (citations and punctuation omitted).

[14] See *Romano*, 303 Ga. at 349 (1).

[15] See id. at 352 (2).