## S95A1105. GRANT v. BYRD.
(461 SE2d 871)

FLETCHER, Presiding Justice.

Michael Dennis Grant sought to file a petition for writ of mandamus directing the superior court clerk to correct documents sent to the state concerning time that Grant served in the county jail. The trial court concluded that the clerk did not have authority to compute time served by an inmate and denied the filing under OCGA § 9-15-2 (d). This appeal concerns whether the trial court properly determined that Grant's pleading failed to present a justiciable issue of law or fact for which Grant could obtain relief against the clerk. We affirm.

1. OCGA § 9-15-2 (d) permits a trial court to deny the filing of a

pleading if "the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading." Given this provision's similarity in language to OCGA § 9-11-12 (b) (6), we adopt the same standard used in reviewing motions to dismiss and construe the pleading in the light most favorable to Grant as the losing party.[1]

2. Mandamus is an extraordinary remedy to compel a public officer to perform a required duty. Trial courts will grant mandamus only when there is a clear legal right to the relief sought or there is a gross abuse of discretion.[2] Grant's petition fails to meet either standard because state statutes impose no duty on a court clerk to compute or give credit for jail time. Rather, the defendant's custodian prior to sentencing specifies the number of days that the defendant spent confined in jail[3] and the custodial official after sentencing gives the defendant credit for those days.[4] The clerk has two duties: (1) to make the custodian's affidavit part of the trial record, and (2) to send a copy of the affidavit to the Department of Corrections or other authority that has custody of the defendant.[5] Because the clerk had no duty to compute or give credit for the time Grant spent confined in the county jail, his petition shows no justiciable issue for which the trial court could grant relief against the clerk. Accordingly, the trial court properly disallowed the filing of Grant's petition.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 25, 1995.

Michael Dennis Grant, *pro se.*

*Sell & Melton, Joseph W. Popper, Jr., Robert D. McCullers,* for appellee.

---

[1] See *Alford v. Public Svc. Comm.*, 262 Ga. 386, n. 2 (418 SE2d 13) (1992).

[2] *Dougherty County v. Webb*, 256 Ga. 474, 475 (350 SE2d 457) (1986).

[3] OCGA § 17-10-12 (a).

[4] Id. (b) & (c).

[5] See id. (a)-(c).