A07A1637. VERDI v. WILKINSON COUNTY et al.
(655 SE2d 642)

ELLINGTON, Judge.

Billie J. Verdi appeals from the order of the Superior Court of Wilkinson County denying, pursuant to OCGA § 9-15-2 (d), the filing of the civil complaint Verdi seeks to file pro se. OCGA § 9-15-2 (d) provides:

---

[4] Id.

> When a civil action is presented for filing under this Code section by a party who is not represented by an attorney, the clerk of court shall not file the matter but shall present the complaint or other initial pleading to a judge of the court. The judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading. If the judge does not so find, then the judge shall enter an order allowing filing and shall return the pleading to the clerk for filing as in other cases. An order denying filing shall be appealable in the same manner as an order dismissing an action.

In reviewing such an order, we construe the pleading in the light most favorable to Verdi as the losing party. *Grant v. Byrd*, 265 Ga. 684, 685 (1) (461 SE2d 871) (1995).

Verdi's intended filing is entitled "Final Disposition: Danny Lynn McCreary Verdi." The pleading does not designate any parties defendant and does not clearly ask for any specific relief, although it invokes OCGA § 31-21-44, which makes it a felony to maliciously remove a dead body from a grave, to disturb the contents of a grave, or to possess human remains with knowledge that they were removed unlawfully from any grave.[1] Apparently Verdi seeks to protect a

---

[1] In full, OCGA § 31-21-44 provides:

 (a) It is unlawful for any person wantonly or maliciously to:

 (1) Remove the dead body of a human being from any grave or other place of interment or from any vault, tomb, or sepulcher; or

 (2) Otherwise disturb the contents of any grave or other place of interment or any vault, tomb, or sepulcher.

 (b) It is unlawful for any person to receive, retain, dispose of, or possess the dead body or any bodily part of a human being knowing it to have been removed unlawfully from any grave or other place of interment or any vault, tomb, or sepulcher. This subsection shall not apply to any person having duties imposed upon that person relating to the possession or disposition of dead bodies while in the performance of said duties, which persons shall include law enforcement personnel, coroners and medical examiners, operators of funeral establishments, cemetery operators, and medical and medical laboratory personnel.

 (c) Any person who violates any provision of this Code section shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than five years, or by both such imprisonment and fine.

See also OCGA §§ 36-72-4 ("No known cemetery, burial ground, human remains, or burial object shall be knowingly disturbed by the owner or occupier of the land on which the cemetery or burial ground is located for the purposes of developing or changing the use of any part of such land unless a permit is first obtained from the governing authority of the municipal corporation or county wherein the cemetery or burial ground is located, which shall have authority to

"family cemetery" allegedly located on property owned by John W. Roberts. The appealed order reflects that a judge reviewed Verdi's pleading and determined that the pleading showed on its face that it completely lacks any justiciable issue of law or fact. After carefully reviewing the record and considering the arguments in Verdi's appellate briefs, we conclude that Verdi has not identified any applicable legal authority recognizing any private right of action against any person or entity based on alleged violations of OCGA § 31-21-44. Where the breach of a statutory duty can result in criminal liability, as in OCGA § 31-21-44,

> the statute is penal in nature and the violation of a penal statute does not automatically give rise to a civil cause of action on the part of one who is purportedly injured thereby. Civil liability may be authorized where the legislature has indicated a strong public policy for imposing a civil as well as criminal penalty for violation of a penal statute.

(Citations and punctuation omitted.) *Murphy v. Bajjani*, 282 Ga. 197, 201 (2) (647 SE2d 54) (2007).[2] There is no indication that the legislature intended to impose civil liability in addition to the criminal sanctions set forth in OCGA § 31-21-44 because "nothing in the provisions of the statute creates a private cause of action in favor of the victim purportedly harmed by the violation of the penal statute." (Citations omitted.) *Murphy v. Bajjani*, 282 Ga. at 201 (2). While OCGA § 31-21-44 establishes Georgia's public policy concerning interred remains, it does not create a civil cause of action for damages for the purported disturbance of remains. See *Murphy v. Bajjani*, 282 Ga. at 200-201 (2) (OCGA § 20-2-1184, which requires school employees to report to designated authorities the identities of students who commit certain proscribed acts, imposes a criminal penalty for the failure to do so; the statute does not create a private right of action for anyone injured by the failure to report timely). Accordingly, the trial court correctly found that Verdi's pleading shows on its face that it completely lacks any justiciable issue of law or fact.

We hold sacred the right of access to the courts by the rich and the poor alike for the resolution of legal disputes. See U. S. Const.,

---

permit."); 36-72-16 ("Any person who knowingly fails to comply with the provisions of this chapter shall be guilty of a misdemeanor of a high and aggravated nature.").

[2] See also Charles R. Adams III, Georgia Law of Torts, § 3-6.1 (2008 ed.) (Georgia does not "generally recogniz[e] an implied civil cause of action arising from the breach of a criminal statute. Although penal statutes may establish the public policy of the state on the subjects they address, the rule in Georgia is that their violation does not automatically give rise to a civil cause of action on the part of one who is injured thereby, and a claim by an injured party must be determined by reference to the applicable tort law.") (footnotes omitted).

Amend. 1; Ga. Const. of 1983, Art. I, Sec. I, Par. IX. Trial courts should exercise their authority under OCGA § 9-15-2 (d) cautiously and sparingly. The record shows that Verdi has suffered tragic losses, and she has the sympathy of this Court. The record does not show, however, that Verdi's complaint raises a justiciable issue of law or fact that is amenable to resolution in legal proceedings. Accordingly, the trial court properly denied the pro se filing of Verdi's complaint.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 27, 2007 —
RECONSIDERATION DENIED DECEMBER 13, 2007 — 

Billie J. Verdi, *pro se.*

Hilbun & Helton, *Jon F. Helton, Pamela M. Spencer*, for appellees.