[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15628
Non-Argument Calendar

_____

D. C. Docket No. 08-00118-CV-HLM-4

MS. SERPENTFOOT,

Plaintiff-Appellant,

versus

ROME CITY COMMISSION,
MAYOR WRIGHT BAGBY,
KIM CANADA,
BILL COLLINS,
JAMIE DOSS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 7, 2009)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Ms. Serpentfoot, proceeding pro se, appeals the district court's order dismissing her civil rights complaint, filed pursuant to 42 U.S.C. § 1983, against various local officials and individuals. The district court concluded that Ms. Serpentfoot's complaint failed to state a claim for which relief could be granted. After reviewing the record and the parties' briefs, we AFFIRM.

## I. BACKGROUND

In July 2008, Serpentfoot filed a pro se complaint in the United States District Court for the Northern District of Georgia against: the Rome City Commission ("the Commission") and its commissioners; David Doss, a member of the Georgia Department of Transportation; and Tom Hackett, a private developer. R1-1. In her complaint, she asserted that the defendants were involved in a development project (the "West Third Street Development") which would destroy a home site and graves belonging to her Cherokee ancestors, in violation of a Georgia statute, O.C.G.A. § 31-21-44 (2008), which makes the destruction of graves a felony. Id. at 13–14. She also claimed that the City of Rome had violated her constitutional rights by initiating condemnation proceedings against her home. Id. at 5–6, 8. Additionally, she sought a perpetual injunction against the City of Rome's International Building Maintenance Code ("IBMC"), which she asserted was unconstitutional. Id. at 15–18.

The Commission moved to dismiss Serpentfoot's complaint for failure to state a claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6). R1-24. Doss and Hackett filed a similar motion. R1-25. On 2 September 2008, the district court granted both motions and entered an order dismissing Serpentfoot's complaint. R1-29. In ruling on the motion, the court concluded that she had not stated a claim regarding the West Third Street Development because she failed to specify a federal right that had been violated by the project, as required under 42 U.S.C. § 1983, and did not have a private right of action under the other potentially applicable statutes, 25 U.S.C. § 3007 and O.C.G.A. § 31-21-44. Id. at 27–32.

The district court then turned to Serpentfoot's contentions regarding the condemnation proceedings. Before addressing the merits of those claims, the court noted that Serpentfoot's complaint was vague but seemed to indicate that the city either had a still-pending condemnation action against her or had yet to bring such an action. Id. at 33. The court expressed doubt about its ability to address these claims because they were either not ripe, if the city had not initiated a condemnation action, or triggered the abstention doctrine, if the city had already filed a condemnation action. Id. at 32–34. The court then analyzed the merits of Serpentfoot's allegations and found that she failed to state a claim under the Third, Fifth, Ninth, Tenth, or Fourteenth Amendments. Id. at 35–47.

The court also concluded that Serpentfoot failed to state a claim regarding the unconstitutionality of the IBMC. Id. at 47–49. The court noted that she failed to show that the IBMC was arbitrary or unreasonable or that it bore no substantial relation to the public welfare. Id. at 48–49. Instead, her allegations amounted to disagreements with the city's policy decisions, which did not trigger any constitutional concerns. Id. at 49. The court therefore dismissed her entire complaint for failure to state a claim. Id.

Serpentfoot filed a motion for reconsideration shortly thereafter. R1-31. The district court determined that her arguments did not warrant reconsideration and therefore denied her motion. R1-32 at 5. Serpentfoot appealed this decision as well as the order dismissing her complaint.

## II. DISCUSSION

Serpentfoot raises several issues on appeal.[1] She asserts that the district court erred in finding that she failed to state a claim for relief based on the West Third Street Development. She also argues that her allegations regarding the condemnation of her home were ripe for adjudication and stated a claim for relief. Serpentfoot also contends that the district court erred in finding that her

---

[1] Since Ms. Serpentfoot is appealing pro se, we construe her pleadings liberally. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). We have reordered her issues for clarity.

contentions about the unconstitutionality of the IBMC failed to state a claim.

Finally, she argues that the district court abused its discretion in denying her

motion for reconsideration. We address these arguments in turn.

A. Claims Relating to the West Third Street Development

Serpentfoot asserts that she properly stated a claim with respect to the West

Third Street Development. She asserts that the development violates O.C.G.A.

§ 31-21-44 and that the redevelopment plan is not a valid exercise of the city's

police powers and violates the Tenth and Eleventh Amendments. In addition, she

claims that international law provides her with a perpetual easement on the grave

sites because of her kinship with the deceased.

We review de novo a district court's dismissal pursuant to Rule 12(b)(6),

applying the same standards of review as the district court. See American United

Life Ins. Co. v. Martinez, 480 F.3d 1043, 1056–57 (11th Cir. 2007). In

determining whether the plaintiff has stated a claim for relief, we view the

complaint in the light most favorable to the plaintiff, and accepts all the facts

contained in the complaint as true. See id. Though "a complaint need not provide

detailed factual allegations," it must include more than just "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action."

Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 958 (11th Cir. 2009) (quotation

5

marks and citations omitted). "A plaintiff must provide enough factual allegations, which are assumed to be true, to raise a right to relief above the speculative level." Id. (quotation marks and citation omitted).

We find Serpentfoot's arguments to be without merit. Although O.C.G.A. § 31-21-44 criminalizes those actions which disturb the contents of tombs, the Georgia Court of Appeals has held that it does not create a civil cause of action. See O.C.G.A. § 31-21-44; Verdi v. Wilkinson County, 655 S.E.2d 642, 644 (Ga. Ct. App. 2007). Accordingly, assuming arguendo that Serpentfoot had set forth a valid federal claim, she could not bring a valid supplemental state law claim under that statute.[2] Furthermore, her complaint, even under a liberal reading, did not assert that the development violated the Tenth and Eleventh Amendments or that she had an easement on that property. We generally do not consider theories of relief not advanced below, and Serpentfoot's allegations do not merit departure from this rule. See Iraola & CIA, S.A. v. Kimberly-Clark Corp., 325 F.3d 1274, 1284–85 (11th Cir. 2003) (indicating that courts should make an exception when injustice would result from not doing so or when the proper outcome of the case is manifestly clear). In addition, though the district court examined whether she had stated a claim under 42 U.S.C. § 1983 or 25 U.S.C. § 3007, Serpentfoot's

_____

[2] A district court may exercise supplemental jurisdiction over state law claims which form part of the same case or controversy as a federal claim. See 28 U.S.C. § 1367(a).

complaint never mentioned either statute, and she expressly criticizes the district court for interpreting her complaint as asserting violations of either law. Since she has therefore failed to state a claim regarding the West Third Street Development, the district court did not err in dismissing that portion of her complaint.

B. Claims Relating to Serpentfoot's House

1. Injunction Against Ongoing Condemnation Action

Serpentfoot also asserts that the district court erred in dismissing her claim seeking to enjoin the city's condemnation action against her home, an action which she asserts violates the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments. She maintains that there was a disputed factual issue as to whether the city was bringing a condemnation action against her home. Additionally, she argues that the court erred in dismissing her procedural due process claim because she had not received an opportunity to be heard with respect to the condemnation.

We review the question of whether a case is ripe for adjudication de novo. See Elend v. Basham, 471 F.3d 1199, 1204 (11th Cir. 2006). In evaluating whether a claim is ripe, we look at both "the hardship that a plaintiff might suffer without court redress and the fitness of the case for judicial decision." Id. at 1211. If a claim is not ripe, the district court lacks jurisdiction to issue a ruling on the merits and therefore must dismiss that claim without prejudice. See Georgia

Advocacy Office, Inc. v. Camp, 172 F.3d 1294, 1299 (11th Cir. 1999).

Additionally, "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).

As the district court noted, it is unclear from Serpentfoot's complaint whether there is an ongoing condemnation action to be enjoined. Her complaint initially seems to assert that the City of Rome has threatened to file a condemnation action if she does not make repairs to her home; however, she later claims that a condemnation action is currently pending in the Rome City Court. R1-1 at 8, 12. Since Serpentfoot therefore has failed to meet her burden of alleging sufficient facts to show that her claims based on the condemnation of her home are ripe for adjudication, we need not address the merits of her claims. Accordingly, we conclude that the district court did not err in dismissing these claims.[3] Because the district court lacked jurisdiction to rule on the merits of these claims, we construe the court's dismissal as being without prejudice.

2. Takings Claim

---

[3] Although the district court discussed the ripeness question, its dismissal of Serpentfoot's claims was premised on her failure to state a claim for relief. However, we can affirm the district court's dismissal on any grounds that are supported by the record. See American United Life Ins. Co., 480 F.3d at 1059.

Under a liberal reading, Serpentfoot's complaint, in addition to challenging ongoing condemnation proceedings, also appears to assert that the city of Rome had effectively taken her property by requiring her to make repairs to bring her home into compliance with the building code. Because the city has informed Serpentfoot that she has to make repairs to her home, this claim is ripe for review, regardless of whether the city has actually initiated condemnation proceedings against her home. We therefore must address whether Serpentfoot has stated a claim under the Takings Clause of the Fifth Amendment.

The Fifth Amendment requires that the government pay just compensation when it takes privately owned land for public use. See U.S. Const. amend. V. There are two main categories of takings. A physical taking is the "paradigmatic taking" and occurs when a government directly appropriates or physically invades private property. Lingle v. Chevron U.S.A., Inc., 544 U.S. 528, 537, 125 S. Ct. 2074, 2081 (2005). A regulatory taking occurs when the government passes a regulation pursuant to its police power which has the effect of depriving a landowner of all economically beneficial use of her land. See Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1015, 112 S. Ct. 2886, 2893 (1992). In order to state a claim for a regulatory taking, a plaintiff must allege two elements. See Agripost, Inc. v. Miami-Dade County, ex rel. Manager, 195 F.3d 1225, 1231

9

(11th Cir. 1999). First, she must assert that the government action denied her "all economically beneficial or productive use of [her] property." Id. (quotation marks and citation omitted). Second, she must argue that she cannot obtain just compensation in a state court proceeding or that available state procedures are inadequate. See id.

Serpentfoot has failed to state a claim for either kind of taking. She does not allege that she has been physically deprived of her property; thus she has not made out a physical takings claim. Though she makes some references to unsuccessful efforts to obtain just compensation in state court, she does not assert that she has been deprived of all economically beneficial or productive use of her land. She thus has not stated a regulatory takings claim. Accordingly, we conclude that the district court did not err in finding that she failed to state a Fifth Amendment takings claim.

C. Constitutionality of IBMC

Serpentfoot argues that the district court erred in finding that she had failed to state a claim that the IBMC was unconstitutional. She asserts that the IBMC is not a valid exercise of the city's police power and violates a number of constitutional amendments. She also maintains that she, as an United States

citizen, should not be subject to an "international" code.[4]

If a building code or zoning regulation "neither targets a protected class nor implicates fundamental rights," we apply a rational basis test to determine if it would be constitutional under the due process or equal protection clauses of the Fourteenth Amendment. Bannum, Inc. v. City of Fort Lauderdale, Fla., 157 F.3d 819, 822 & n.2 (11th Cir. 1998). Under this test, we uphold a code or regulation if it is rationally related to a legitimate government purpose. See id. "The law is well settled that legislated zoning ordinances are permissible, constitutional uses of police power and are not reviewable by district courts unless they are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Grant v. Seminole County, Fla., 817 F.2d 731, 736 (11th Cir. 1987) (per curiam) (quotation marks and citation omitted).

The district court determined that these allegations were frivolous and that Serpentfoot failed to establish a factual basis for them. We agree. Her complaint mentions that the IBMC is arbitrary and capricious and does not substantially relate to the public welfare. However, she does not elaborate on these statements and cites no specific facts to support this purely legal conclusion. Her discussions of

---

[4] In her brief on appeal, she also argues that the IBMC infringes on various powers granted to Congress. However, since her complaint does not mention this argument, we will not consider it here. See Iraola & CIA, S.A., 325 F.3d 1274 at 1284–85.

how the IBMC violates the Third, Fourth, Fifth, Ninth, and Tenth Amendments are equally cursory and lacking in factual support. Such brief, formulaic descriptions do not establish a right to relief. See Wilchombe, 555 F.3d at 958.

Serpentfoot's complaint also asserts that, as a citizen of the United States, she should not be subject to an "international" building code. She seems to maintain that such an application violates the Thirteenth Amendment by restricting her freedom and making her a "slave" to foreign governments. The Thirteenth Amendment is only applicable in cases of slavery and involuntary servitude, and Serpentfoot's complaint does not explain how the IBMC has caused her to experience either of those. See U.S. Const. amend. XIII. She therefore has failed to state a claim under the Thirteenth Amendment. Accordingly, we conclude that the district court did not err in granting the motion to dismiss Serpentfoot's claims regarding the unconstitutionality of the IBMC.

D. Motion for Reconsideration

Serpentfoot also asserts that the district court erred in denying her motion for reconsideration. She contends that the district court decided a "hypothetical" or "sham" case by referring to an earlier complaint that she filed in a different case, which was dismissed by the district court as frivolous. This reference, she maintains, converted the defendants' Rule 12(b)(6) motions into motions for

summary judgment.

A district court's denial of a motion for reconsideration is reviewed for abuse of discretion. See Corwin v. Walt Disney Co., 475 F.3d 1239, 1254 (11th Cir. 2007). In ruling on a Rule 12(b)(6) motion, a district court focuses on the allegations listed in the complaint. If the court considers matters outside of the pleadings, the motion is converted into a motion for summary judgment under Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(d). If such a conversion occurs, each party "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id. We have held that a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999); see also Universal Express, Inc. v. S.E.C., 177 Fed. Appx. 52, 53–54 (11th Cir. 2006) (per curiam) (holding that a district court could take judicial notice of filing in a separate case without turning motion to dismiss into motion for summary judgment).

In this case, the district court's order shows that it properly considered the actual case before it. Although the court briefly noted that it had dismissed Serpentfoot's earlier complaint as frivolous, it made this reference in the course of discussing the procedural history of Serpentfoot's litigation. There is no indication

13

that the court relied on this earlier order in dismissing Serpentfoot's complaint here.  Furthermore, since Serpentfoot's complaint discussed this earlier dismissal, it seems incongruous to permit her to raise an objection based on the court's mentioning the same topic.  We therefore conclude that the district court did not convert the defendants' Rule 12(b)(6) motions into motions for summary judgment.  Accordingly, the district court did not abuse its discretion in denying Serpentfoot's motion for reconsideration.

### III. CONCLUSION

Serpentfoot appeals the district court's dismissal of her civil rights action against the city and its denial of her motion for reconsideration of that dismissal.  Since all of the allegations in her complaint were either not ripe or did not state a claim, the district court did not err in concluding that her complaint failed to state a claim upon which relief could be granted.  Furthermore, the district court did not convert the motion to dismiss into a motion for summary judgment and thus did not abuse its discretion in denying her motion for reconsideration.  We therefore AFFIRM the dismissal of Serpentfoot's complaint.

**AFFIRMED.**