### A09A1535. COLLIER v. THE KROGER COMPANY.
(683 SE2d 625)

MIKELL, Judge.

Jerry Larry Collier appeals from the trial court's order determining, pursuant to OCGA § 9-15-2 (d), that the complaint he sought to file against The Kroger Company and "Norred Associates, Inc.," failed to present a justiciable issue of law or fact for which he could obtain relief. We affirm for the reasons set forth below.

1. OCGA § 9-15-2 (d) permits a trial court to deny the filing of a pro se complaint in a civil action if "the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading."[1] On appeal, we construe the complaint in the light most favorable to the losing party,[2] and "pro se complaints are not held to the stringent standards of formal pleadings."[3]

So viewed, it appears that Collier's complaint alleges that on January 26, 2009, at 6:15 p.m., an unnamed security officer em-

---

[1] (Punctuation omitted.) *Grant v. Byrd*, 265 Ga. 684-685 (1) (461 SE2d 871) (1995).

[2] Id. at 685 (1).

[3] (Footnote omitted.) *Moore v. First Family Financial Svcs.*, 246 Ga. App. 89 (539 SE2d 598) (2000).

ployed by "Norred Associates, Inc.," at Belvedere Plaza asked him to leave the Plaza without giving Collier a reason. The complaint alleges that Norred provided security pursuant to a contract with a Kroger store at the Plaza. According to the complaint, Collier called Kroger and reported the incident to an assistant manager, who spoke with the security officer and then informed Collier as follows: "the Norred security get sick on you talk cause itself tell you [sic] that you cannot come back in Belvedere Plaza."[4] Kroger's assistant manager told Collier to disregard what Norred told him. Collier alleges "Kroger Company or defendant Kroger Citi Center and defendant Norred security violation plaintiff civil right ABabent [sic] from Belvedere Plaza without any reason or probable cause." The complaint alleges that these defendants slandered him, harassed him, plotted against him, and caused him mental stress. Collier cites OCGA §§ 9-11-14 (a), which addresses when a defendant may file a third-party claim, and 16-7-21, which defines the offense of criminal trespass. In his appellate brief, Collier repeats his allegations and states that he had good cause to be in Belvedere Plaza because he maintains automobile insurance there.

2. Collier's complaint asserts what we construe to be three causes of action: (a) violation of civil rights, (b) slander, and (c) intentional infliction of emotional distress.

(a) Violation of civil rights. Collier's claim that his civil rights were violated is nothing more than a conclusory allegation, as he sets forth no facts to support it. Thus, the trial court did not err in determining that it presented no justiciable issue of law or fact.[5]

(b) The tort of slander consists of

(1) Imputing to another a crime punishable by law; (2) Charging a person with having some contagious disorder or with being guilty of some debasing act which may exclude him from society; (3) Making charges against another in reference to his trade, office, or profession, calculated to injure him therein; or (4) Uttering any disparaging words productive of special damage which flows naturally therefrom.[6]

Collier's complaint did not plead these elements and cannot be construed to have pled them. Thus, the trial court did not err in

___

[4] Collier's complaint and appellate brief are handwritten and exceedingly difficult to decipher.

[5] See *Cargill v. Zant*, 207 Ga. App. 393, 394 (427 SE2d 809) (1993).

[6] OCGA § 51-5-4 (a).

determining that this purported claim presented no justiciable issue of law or fact.[7]

(c) "A claim for intentional infliction of emotional distress has four elements: (1) intentional or reckless conduct (2) that is extreme and outrageous and (3) causes emotional distress (4) that is severe."[8] The allegations of Collier's complaint are wholly insufficient to support this claim.[9]

In sum, Collier's complaint fails to raise a justiciable issue of law or fact. It follows that the trial court properly denied the pro se filing of his complaint pursuant to OCGA § 9-15-2 (d).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 7, 2009.

Jerry L. Collier, *pro se.*
*Douglas A. Wilde*, for appellee.

---

[7] See *Walker v. Walker*, 293 Ga. App. 872, 876-877 (2) (e) (668 SE2d 330) (2008).

[8] (Citation omitted.) *Mears v. Gulfstream Aerospace Corp.*, 225 Ga. App. 636, 638-639 (1) (484 SE2d 659) (1997).

[9] Compare *Nicholson v. Windham*, 257 Ga. App. 429, 434 (3) (571 SE2d 466) (2002) (intentional infliction of emotional distress claim in complaint held sufficient to withstand motion to dismiss).