**FIFTH DIVISION**
**DILLARD, P. J.,**
**REESE and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 6, 2017**

# In the Court of Appeals of Georgia

A16A1791. MOORE v. CITY OF STATESBORO, et al.

DILLARD, Presiding Judge.

Alvin Lavon Moore, proceeding *pro se*, appeals from the trial court's denial of his request to proceed *in forma pauperis*, as well as from its denial of the filing of his complaint under OCGA § 9-15-2 (d). Moore originally filed this appeal in the Supreme Court of Georgia, which then transferred the case to this Court.[1] The

---

[1] The Supreme Court of Georgia determined that Moore's request for a declaratory judgment did not support the exercise of its jurisdiction because a declaratory judgment is neither an extraordinary remedy nor an action implicating that Court's equitable jurisdiction. *See* Supreme Court Order in Case No. S16A1004 (April 26, 2016). Our Supreme Court further determined that because there was no ruling below on Moore's request for injunctive relief, there was no substantive issue on appeal involving the legality or propriety of equitable relief. *Id.* Finally, the Court determined that its jurisdiction was not implicated on the basis of mandamus because Moore did not request such relief from the trial court. *Id.* Thus, because Moore's asserted bases for jurisdiction were unsupported by the record, the Supreme Court transferred the case to this Court. *Id.*

arguments in Moore's *pro se* appellate brief are somewhat difficult to decipher, but generously construing the allegations, he contends that the trial court erred in (1) summarily denying his request to proceed as a pauper and (2) denying the filing of his pleading under OCGA § 9-15-2 (d). Moore also complains about defects in the appellate record, which does not include his complaint/petition for relief. Because the trial court's order and the state of the record do not permit us to conduct meaningful appellate review, we vacate the trial court's order and remand for further proceedings consistent with this opinion.

The record before us consists of three documents: (1) an order transferring the case to this Court from the Supreme Court of Georgia, (2) Moore's notice of appeal, and (3) the order denying Moore's pauper's affidavit and the filing of his petition. The record transmitted from the trial court is otherwise bereft of material for this Court's review. Moore attributes this defect to the trial court clerk, who he asserts returned the complaint/petition to him and advised that the court would only consider his request to proceed as a pauper. And indeed, the order from which Moore appeals contains this handwritten notation: "[r]eturned [p]etition to Plt. 12/03/2015." The appealed order otherwise states in its entirety as follows:

In accordance with OCGA § 9-15-2 (d), the Court has examined the Plaintiff's request to proceed in forma pauperis together with the attached complaint for declaratory and injunctive relief and finds that the same "shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading."

Wherefore, the Plaintiff's application to proceed in forma pauperis is hereby DENIED and the Court hereby DENIES filing of the petition.

The Defendant is further notified that the Defendant has thirty (30) days to appeal the dismissal of this motion to the appropriate appellate court.

Thus, the trial court denied the filing of Moore's petition under OCGA § 9-15-2 (d) and also summarily denied his request to proceed as a pauper.

1. On appeal, Moore takes issue with the trial court's denial of the filing of his petition under OCGA § 9-15-2 (d) and also complains about the above-mentioned issues with the appellate record. OCGA § 9-15-2 (d) provides that

> [w]hen a civil action is presented for filing under this Code section by a party who is not represented by an attorney, the clerk of court shall not file the matter but shall present the complaint or other initial pleading to a judge of the court. The judge shall review the pleading and, if the

3

judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading. If the judge does not so find, then the judge shall enter an order allowing filing and shall return the pleading to the clerk for filing as in other cases.

Importantly, OCGA § 9-15-2 (d) also provides that "[a]n order denying filing shall be appealable in the same manner as an order dismissing an action."

On appeal from a denial under OCGA § 9-15-2 (d), we construe the complaint "in the light most favorable to the losing party,"[2] keeping in mind that "pro se complaints are not held to the stringent standards of formal pleadings."[3] Nor should they be. Indeed, here in Georgia, we "hold sacred the right of access to the courts by the rich and poor alike for the resolution of legal disputes."[4] This is why we have

---

[2] *Collier v. Kroger Co.*, 299 Ga. App. 660, 660 (1) (683 SE2d 625) (2009); *accord Grant v. Byrd*, 265 Ga. 684, 685 (1) (461 SE2d 871) (1995).

[3] *Collier*, 299 Ga. App. at 660 (1) (punctuation omitted); *accord Moore v. First Family Financial Svcs.*, 246 Ga. App. 89, 89 (539 SE2d 598) (2000).

[4] *Verdi v. Wilkinson Cnty.*, 288 Ga. App. 856, 858-59 (655 SE2d 642) (2007); *see* GA. CONST. art. I, § I, ¶ IX ("The people have the right to assemble peaceably for their common good and to apply by petition or remonstrance to those vested with the powers of government for redress of grievances.").

previously (and rightly) emphasized that "[t]rial courts should exercise their authority under OCGA § 9-15-2 (d) cautiously and sparingly."[5] But here, we are unable to review the trial court's determination made under OCGA § 9-15-2 (d) because the record does not contain a copy of the pleading for our review.[6] Suffice it to say, in order for this Court to conduct meaningful appellate review, as contemplated by OCGA 9-15-2 (d), a copy of the "denied complaint" must be preserved as part of the record. And because this was not done, we have no choice but to vacate the trial court's order as to its findings under OCGA § 9-15-2 (d), remand to the trial court,

---

[5] *Verdi*, 288 Ga. App. at 859; *see also Thompson v. Reichert*, 318 Ga. App. 23, 25 (733 SE2d 342) (2012) ("[A] trial court must exercise great caution before refusing to file a pro se complaint[ ] pursuant to OCGA § 9-15-2 (d) . . . .").

[6] *Cf.*, *e.g.*, *Collier*, 299 Ga. App. at 660-62 (1)-(2) (reviewing allegations of *pro se* appellant's complaint before concluding that it failed "to raise a justiciable issue of law or fact" and that, therefore, trial court properly denied the *pro se* filing of the complaint under OCGA § 9-15-2 (d)); *Moore*, 246 Ga. App. at 89 (noting that allegations of complaint have been reviewed by the Court before reversing denial under OCGA § 9-15-2 (d) because appellant "alleged a justiciable issue of law or fact"); *McBride v. Gaither*, 203 Ga. App. 885, 885-86 (418 SE2d 67) (1992) (reviewing allegations of complaints before determining that "the trial court did not err in refusing to allow the filing of these complaints pursuant to OCGA § 9-15-2 (d) for a complete absence of any justiciable issue of law or fact upon which it could reasonably be believed that the court could grant any relief against any party named in the pleadings" (emphasis omitted)).

and direct it to supplement the record with the relevant pleading, so that this Court may review same as permitted by that statute.[7]

2. Next, Moore contends that the trial court erred in denying his request to proceed as a pauper. While it is generally true that "[t]he ruling of the trial court on *all issues of fact* concerning the ability of a party to pay costs or give bond is final under the provisions of this law and is not subject to review,"[8] the trial court here *summarily denied* Moore's request to proceed as a pauper when concluding that his petition for relief failed to state a cause of action. And, once again, the record before us does not contain the request/affidavit or any traverse affidavit (although Moore claims that his request was untraversed).[9] Upon remand, the record should be

---

[7] *See* OCGA § 9-15-2 (d) ("An order denying filing shall be appealable in the same manner as an order dismissing an action.").

[8] *Grace v. Caldwell*, 231 Ga. 407, 409 (4) (202 SE2d 49) (1973) (emphasis supplied); *see also D'Zesati v. Poole*, 174 Ga. App. 142, 142 (329 SE2d 280) (1985) ("The trial court's ruling on all issues of fact concerning the ability of a party to pay costs is final and not subject to review." (citation omitted)).

[9] *See* OCGA § 9-15-2 (a) (1) ("When any party, plaintiff or defendant, in any action or proceeding held in any court in this state is unable to pay any deposit, fee, or other cost which is normally required in the court, if the party shall subscribe an affidavit to the effect that because of his indigence he is unable to pay the costs, the party shall be relieved from paying the costs and his rights shall be the same as if he had paid the costs."); OCGA § 9-15-2 (a) (2) ("Any other party at interest or his agent or attorney may contest the truth of an affidavit of indigence by verifying

6

supplemented with the request to proceed *in forma pauperis*, which should likewise be considered on the merits.[10]

Accordingly, for all of the foregoing reasons, we vacate the trial court's order and remand for further proceedings consistent with this opinion.[11]

*Judgment vacated and case remanded. Reese and Bethel, JJ., concur.*

---

affirmatively under oath that the same is untrue. The issue thereby formed shall be heard and determined by the court, under the rules of the court. The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final."); OCGA § 9-15-2 (b) ("In the absence of a traverse affidavit contesting the truth of an affidavit of indigence, the court may inquire into the truth of the affidavit of indigence. After a hearing, the court may order the costs to be paid if it finds that the deposit, fee, or other costs can be paid and, if the costs are not paid within the time permitted in such order, may deny the relief sought.").

[10] *See Yizar v. Ault*, 265 Ga. 708, 709 (2) (462 SE2d 141) (1995) ("The untraversed affidavit of indigency in support of the request to proceed in forma pauperis showed on its face a complete absence of funds or income from any source, thus evidencing [the appellant's] inability to pay costs associated with the litigation. Because the court concluded that the mandamus petition failed to state a cause of action, it summarily denied the request to proceed in forma pauperis. Upon remand, the merits of the request should also be considered."); *see also Daker v. Humphrey*, 294 Ga. 504, 506 (755 SE2d 201) (2014) (reversing trial court's decision to deny the filing of a civil action and motion to proceed *in forma pauperis*, and ordering the court to "revisit appellant's attached pauper's affidavit").

[11] We deny the appellees' separately filed motion for sanctions.